IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY GURLEY(#18870-424), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 3987 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Johnny Gurley ("Gurley") filed suit against Defendants Chicago Police

Officers Victor Mitkal ("Mitkal"), Edward Record ("Record"), Jacqueline Mok ("Mok"), Cynthia

Chapman ("Chapman"), James Baier ("Baier"), the City of Chicago ("the City") and former Police

Superintendent Phillip Cline ("Cline") (collectively, "Defendants"), alleging a violation of his

constitutional rights following the search of his residence and seizure of property. Defendants have

moved to dismiss Gurley's claims against them. For the reasons stated, Defendants' Motion to

Dismiss is granted.

## PLAINTIFF'S ALLEGATIONS

On a day between July 18, 2005 and August 5, 2005, at approximately 10:50 a.m., Record,

Mok and Chapman went to Gurley's residence. Antonio Hudson ("Hudson"), Gurley's guest,

answered the door. Although Gurley had not been involved in any traffic offenses prior to their visit

to his residence, the officers stated that they had a traffic warrant for Gurley. The officers entered

the apartment and one of the officers handcuffed Hudson. Hudson remained handcuffed for

approximately eight hours while the officers searched the apartment. At the end of search, the

officers presented a warrant to confiscate all of Gurley's computer equipment but the officers did

not leave a copy of the warrant at the residence. As the officers left the apartment, one of them commented that the search was the result of Gurley dating a sergeant's daughter.

Based on the postmark of his original Complaint, Gurley filed suit against Cline, the Chicago Police Department, Mitkal and Baier on May 30, 2007.[1] On March 27, 2008, the Court set a briefing schedule for Defendants' Motion to Dismiss. When Gurley failed to respond to the motion, on April 29, 2008, the Court ordered Gurley to show good cause why it should not dismiss the case for want of prosecution, warning Gurley that his failure to respond would result in dismissal of the action with prejudice. After Gurley failed to respond to the Court's order, the Court dismissed the case with prejudice for want of prosecution on May 21, 2008.

On June 3, 2008, Gurley moved to reinstate his case, claiming that he had in fact responded to the Motion to Dismiss but inadvertently only included the name of a magistrate judge on his response. The Court granted Gurley's motion and gave him leave to file an amended complaint. Gurley filed his Amended Complaint on July 9, 2008 to add the City, Record, Mok and Chapman as Defendants.

On October 3, 2008, the Court entered a briefing schedule on the Defendants' Motion to Dismiss the Amended Complaint. After Gurley once again failed to respond to the Motion to Dismiss, the Court ordered him to show good cause in writing why the case should not be dismissed for want of prosecution on November 10, 2008. When Gurley failed to respond to the order, the Court dismissed his case for failure to prosecute again on November 25, 2008. On December 1, 2008, the Court received Gurley's response to the Motion to Dismiss the Amended Complaint. Gurley also moved to reopen the case, claiming that his failure to respond was not within his control

---

[1] A prisoner's pleadings are deemed to be filed when the prisoner places the pleadings in the prison's mail system, not when the district court clerk receives them. *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999).

because of lockdown conditions at the prison.  On February 3, 2009, the Court reinstated the case

and ordered Defendants to file their Reply Brief in support of their Motion to Dismiss Gurley's

Amended Complaint.

## STANDARD OF REVIEW

A complaint need only provide a "short and plain statement of the claim showing that the

pleader is entitled to relief" that sufficiently provides the defendant with "fair notice" of the claim

and the claim's basis.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56,

(2007).  A plaintiff demonstrates that he is entitled to relief by showing through his allegations that

"it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*,

526 F.3d 1074, 1083 (7th Cir. 2008) (quotation omitted).  The allegations "must actually suggest

that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the

speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted).  In making this determination,

the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-

pleaded allegations, and drawing all reasonable inferences in plaintiff's favor.  *See Tamayo*, 526

F.3d at 1081.  Furthermore, courts must construe *pro se* complaints liberally.  *See Haines v. Kerner*,

404 U.S. 519, 520 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

## DISCUSSION

I.      Statute of Limitations

Mok, Record and Chapman move to dismiss the claims against them on grounds that the

claims are barred by the two-year statute of limitations. Allegations brought under 42 U.S.C. § 1983

must comply with the statute of limitations for personal injury in the state where the injury occurred.

*See Kelly v. City of Chicago*, 4 F.3d 509, 510 (7th Cir. 1993).  In Illinois, personal injury actions are

subject to a two-year statute of limitations.  *See* 735 ILCS 5/13-202.  Therefore, § 1983 claims in

the state of Illinois are governed by a two-year statute of limitations period. *See Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). Accordingly, Gurley had until August 5, 2007 at the latest to file his § 1983 claims arising from the search of his apartment that occurred at some point between July 18, 2005 and August 5, 2005.

Gurley did not name Mok, Record and Chapman as defendants until he filed his Amended Complaint on May 29, 2008. Accordingly, Gurley's claims against Mok, Record and Chapman are timely only if the Amended Complaint relates back filing date of Gurley's Originial Complaint. An amendment will relate back to the original pleading if the law that provides the applicable statute of limitations allows relation back, here Illinois. *See* Fed. R. Civ. P. 15(c)(1). If it does, and if state law is more favorable than the provisions of Rule 15(c), state law governs. *See Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001); *Hunt v. Dart*, 612 F. Supp. 2d 969, 973 (N.D. Ill. 2009). Rule 15(c)(1)(C) applies when an amendment changes the naming of the party against whom a claim is asserted. *See* Fed. R. Civ. P. 15(c)(1)(C). It provides that if the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading and the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits, and the party knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity, a new party may be brought into the case and the amendment will relate back to the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(C); *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Hunt*, 612 F. Supp. 2d at 973. Simply not knowing a defendant's name is not a "mistake" under Rule 15(c)(1)(C) and does not permit relation back. *See Jackson*, 541 F.3d at 696.

Illinois law provides that a cause of action against a person not originally named as a

defendant is not time-barred if all of the following terms are met: (1) the time prescribed had not expired when the original action was commenced; (2) the person received notice of the commencement of the action and will no be prejudiced in maintaining a defense and knew or should have known that but fur a mistake concerning the identity of the proper party the action would have been brought against him; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction set up in the original pleading. *See* 735 ILCS 5/2-616(d). If any of the requisite elements are not met, the amended complaint cannot relate back. *See Hunt*, 612 F. Supp. 2d at 975 (applying Illinois law). Furthermore, Illinois courts that have interpreted § 616(d) after the 2002 amendment have held that it was enacted to bring the section into line with the Federal Rules of Civil Procedure. *See id.* (interpreting Illinois law); *Pruitt v. Pervan*, 825 N.E.2d 299, 301-02 (Ill. App. Ct. 2005); *Compton v. Ubilluz*, 811 N.E.2d 1225, 1233 (Ill. App. Ct. 2004). Accordingly, Illinois courts have interpreted § 616(d) as prohibiting relation back when there was no mistake and only lack of knowledge about a defendant's identity. *See Hunt*, 612 F. Supp. 2d at 976 (interpreting Illinois law); *Pruitt*, 825 N.E.2d at 302-03. Because § 616(d) is not more favorable to Gurley, Rule 15(c)(1)(C) applies. *See Hunt*, 612 F. Supp. 2d at 977.

Here, Gurley added Mok, Record and Chapman as defendants by filing his Amended Complaint more than two years after the alleged incident. Although the amendment asserts a claim that arose out of the same transaction as the original complaint, the search of his residence, Mok, Record and Chapman did not have notice of the suit because they were not named as defendants until nearly a year after the statute of limitations had run. Furthermore, Gurley failed to name those officers as defendants earlier because he did not know their identities, a reason that does not qualify as a "mistake" for purposes of Rule 15(c). Because Gurley's Amended Complaint does not relate

back to the original Complaint, his claims against Mok, Record and Chapman are time-barred.

II.     Failure to State a Claim

The remaining Defendants move to dismiss the claims against them for failure to state a claim.   Liability under § 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). While plaintiffs need not allege a defendant's direct participation in the deprivation, they must at least allege that the individual defendant acquiesced to the deprivation in some demonstrable manner. *See Palmer*, 327 F.3d at 594.  For a supervisor, § 1983's personal involvement requirement is satisfied if the conduct causing the constitutional violation occurs at the supervisor's direction or with his knowledge and consent. *See Hildebrandt v. Illiniois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003).  The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.  In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Here, Gurley names Baier as a defendant but fails to make any allegations against Baier in his Amended Complaint.  Thus, Gurley has failed to state a § 1983 claim against Baier.

In support of his claims against Kline and Mitkal, Gurley claims that they did not take "any responsibility in holding their officers accountable for their actions."  Gurley does not allege that Kline or Mitkal had personal involvement in the search of his apartment or that Kline or Mitkal had prior knowledge of the illegal search and facilitated, approved, condoned or turned a blind eye

6

towards the conduct. Thus, Gurley has failed to state a § 1983 claim against Kline or Mitkal.

Finally, Gurley claims that the City is "responsible for the negligence by the officers and supervisors." A governmental entity is liable for damages under § 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000).

Gurley does not allege that the search of his residence occurred as a result of a custom, policy or practice. Thus, Gurley has failed to state a § 1983 claim against the City.

## CONCLUSION AND ORDER

For the reasons stated, Defendants' Motion to Dismiss Gurley's Amended Complaint is granted.

So ordered.

Date: August 21, 2009

_____
Virginia M. Kendall
United States District Court Judge